**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000186
30-APR-2015
08:11 AM**

NO. CAAP-14-0000186

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
FRANCISCO KAKATIN, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 13-1-0049)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Leonard and Ginoza, JJ.)

Defendant-Appellant Francisco Kakatin (**Kakatin**) appeals from the September 9, 2013 "Judgment of Conviction and Sentence" (**Judgment**) and December 6, 2013 "Order Denying Motion for Reconsideration of Sentence" (**Order Denying Reconsideration**) both entered in the Circuit Court of the First Circuit[1] (**circuit court**). Kakatin pled guilty to one count of unauthorized entry into motor vehicle in the first degree in violation of Hawaii Revised Statutes (**HRS**) § 708-836.5 (2014 Repl.)[2] and was sentenced to serve a term of five years of imprisonment.

---

[1] The Honorable Randall K.O. Lee presided.

[2] HRS § 708-836.5 provides:

§708-836.5 **Unauthorized entry into motor vehicle in the first degree.** (1) A person commits the offense of unauthorized entry into motor vehicle in the first degree if the person intentionally or knowingly enters or remains unlawfully in a motor vehicle, without being invited, licensed, or otherwise authorized to enter or remain within the vehicle, with the intent to commit a crime against a person or against property rights.

(2) Unauthorized entry into motor vehicle in the first degree is a class C felony.

On appeal, Kakatin raises only one point of error. Kakatin argues that the Judgment should be vacated and his case remanded for a new trial because he was denied "effective assistance of counsel when: (1) despite [Kakatin's] insistence on trial, his attorney convinced him to forego trial and plead guilty as charged; and (2) his attorney failed to follow up on [Kakatin's] own efforts at getting into a substance abuse treatment program." Kakatin argues that if the record contains insufficient evidence to support his claim of ineffective assistance of counsel, this court should affirm the Judgment without prejudice to a subsequent Hawai'i Rules of Penal Procedure (**HRPP**) Rule 40 petition.[3]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude that Kakatin's appeal is without merit.

Kakatin notes that "it appears [his] appeal [of the Judgment] has been allowed to proceed" even though it was untimely filed due to Kakatin's attorney's failure to discuss with Kakatin "his right to appeal . . . or of the deadline for appealing . . . ."[4]

---

[3]     HRPP Rule 40(a)(3) provides that Rule 40 proceedings are not available

> where the issues sought to be raised . . . were waived. . . . [A]n issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this rule, and the petitioner is unable to prove the existence of extraordinary circumstances to justify the petitioner's failure to raise the issue. There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.

[4]     In response to this court's "Order to Show Cause" (**OSC**) filed March 14, 2014, Kakatin filed an "Amended Statement of Jurisdiction" on March 28, 2014 requesting "that this [c]ourt relax [Hawai'i Rules of Appellate Procedure (**HRAP**)] Rule 4(b) and consider the instant appeal on the merits" because "[i]n the instant case, either prior counsel was unaware of HRAP Rule 4(b), did not discuss HRAP Rule 4(b) with [Kakatin], or failed to file a timely notice of appeal despite instructions to do so from [Kakatin]."

(continued...)

2

But for two exceptions, a notice of appeal in a criminal case is untimely if not "filed within 30 days after entry of the judgment or order appealed from." HRAP Rule 4(b)(1). One of the two exceptions to this general rule is when "an appeal from a judgment of conviction [is filed] within 30 days after the entry of any order denying" "a timely motion in arrest of judgment under Rule 34 of the [HRPP] or for a new trial under Rule 33 of the [HRPP] . . . ." HRAP Rule 4(b)(2). The other exception to the rule is when the notice of appeal was not timely filed due to the ineffective assistance of counsel. See State v. Alpaca, 96 Hawaiʻi 17, 23, 25 P.3d 792, 798 (2001) (holding that "the failure of Aplaca's counsel to timely file the notice of appeal does not divest Aplaca of his right to appeal" because a defendant "is 'entitled, on his first appeal, to effective counsel who may not deprive him of his appeal by failure to comply with procedural rules[.]'" (citation omitted)).

Here, Kakatin's January 6, 2014 notice of appeal of the September 9, 2013 Judgment was filed more than thirty days after the entry of judgment in violation of HRAP Rule 4(b)(1), Kakatin did not file a motion under HRPP Rules 33 or 34, and the record before this court does not support a finding that the untimeliness of Kakatin's appeal was the result of Akamu's ineffective assistance of counsel. We therefore hold that this court lacks appellate jurisdiction over Kakatin's appeal from the Judgment because neither of the untimeliness exceptions apply.

We note that Kakatin's appeal of the Order Denying Reconsideration is timely. However, Kakatin makes no argument in support of his appeal of the Order Denying Reconsideration, which

---

[4](...continued)
Also on March 28, 2014, "Kakatin's former court-appointed counsel, Kellen Kenji Akamu [(**Akamu**)] of the Office of the Public Defender," filed a response to the OSC declaring that on September 25, 2013, he discussed with Kakatin "the pros and cons of appealing" and "whether the filing of a Motion for Reconsideration of Sentence would be warranted." Akamu declared that "Kakatin requested a Motion for Reconsideration of Sentence" and "never requested [Akamu] to file an appeal on his behalf." Akamu also declared that "Kakatin did not provide any new information to [Akamu] which would have caused [Akamu] to recommend filing an appeal."

In consideration of Akamu's response to the OSC, this court filed an Order on April 2, 2014 ordering "that no further action will be taken against [Akamu]."

3

constitutes a waiver of his appeal. See HRAP Rule 28(b)(7) ("Points not argued may be deemed waived.").

Furthermore, based on the transcripts from the circuit court's September 9, 2013 sentencing hearing, Kakatin's October 2, 2013 Motion for Reconsideration of Sentence, and the transcripts of the November 5, 2013 hearing on the motion, we hold that the circuit court did not err in denying Kakatin's Motion for Reconsideration of Sentence because (1) Kakatin failed to heed the circuit court's clear warning that its inclination to sentence Kakatin to probation hinged on whether Kakatin stayed out of trouble during supervised release and (2) a five-year term of imprisonment is not an abuse of discretion in light of Kakatin's criminal record and history with court-ordered drug rehabilitation programs. See State v. Oughterson, 99 Hawai'i 244, 253, 54 P3d 415, 424 (2002) (holding that a circuit court's ruling with regard to a party's motion for reconsideration is reviewed on appeal for an abuse of discretion).

Therefore,

IT IS HEREBY ORDERED that the December 6, 2013 "Order Denying Motion for Reconsideration of Sentence" entered in the Circuit Court of the First Circuit is affirmed.

This Summary Disposition Order is without prejudice to Kakatin raising the issue of ineffective assistance of counsel in a HRPP Rule 40 petition. If Kakatin's HRPP Rule 40 petition alleges facts with regard to his claim of ineffective assistance of counsel that if proven would entitle him to relief, he shall be granted a hearing on that issue pursuant to HRPP Rule 40(f).

DATED: Honolulu, Hawai'i, April 30, 2015.

On the briefs:

Randall K. Hironaka
(Miyoshi & Hironaka)
for Defendant-Appellant.

Sonja P. McCullen
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4